Per Curiam:
In deciding this case it is proper to look at the scope and ■purpose of the acts in relation to water works. Turning to ‘66 O. L. page 205, it will be seen that when the original municipal code was enacted the building of water works was left to the city council, but after or concurrent with the building - of the works the council was to establish a board of trustees, to be elected by the people, who were to have the care and control of the water works, their powers in that respect being full and ample. The trustees were also to assess and collect water rents. And they had control of the moneys raised by ■ taxation to pay interest on bonds, and such moneys were to be ■paid over to them. The trustees were given full power to *159 contract for the building of machinery, water-works, reservoirs and for the enlargement and repair thereof, "etc.
The original construction of the works was left to the council, and after that the whole care of the works as well as their improvement and enlargement was left with the trustees of the water-works. The principal change in the statutes since then has been by adding the words “or when it orders waterworks to be constructed,” to section 2408, Rev. Stat., this amendment being probably added upon noticing the decision of the Supreme Court in 9 Ohio St., in construing a former statute.
Sections 2413, 2426, 2429, 2430, 2431, Rev. Stat., in.connection with other sections, seem to us to evince the intention of the legislature to give, substantially, the whole care and control of the water-works to those water-works trustees, including contracting for enlargements and improvements thereto after their original erection. And we are of the opinion that the intention was and is to give them the control and disbursement of the moneys raised to pay for work done under the contracts which the trustees are empowered to make, and that such moneys are more properly moneys ■ belonging to the water-works funds under sec. 2413, than city funds referred to in section 2690, and that the provisions in the latter section were not intended to relate to water-works funds. The statute is not as clear and definite as it might be, and some of its sections do not seem to be in entire harmony with others in this regard, but in view of all the provisions bearing on the subject, we think the legislative intention is that the moneys in question in this case, being moneys raised after the original cpnstruction of the works and •for their improvement, are to be paid out on the order of the trustees of water-works under section 2414, and that the treasurer is authorized and may be required to pay such orders of the trustees.
. We have not intended this as a full argument in support of , the above’ opinion, but as a short statement of some of the . considerations upon which it rests.
The clerk is therefore ordered to enter the proper judgment ■for a peremptory writ of mandamus as prayed for in the peti *160 tion at the costs of the said defendant, and to enter such exceptions to this order and finding as counsel for defendant may demand.
G. T. Stewart, for relators.
Horace Andrews, for defendant.
All the judges concur.
(Affirmed by Supreme Court without report, April 15,1889.)